LINCOLN A. LINCOLN, EDGAR R. LINCOLN, H. PERCY LIN-COLN AND CHESTER A. LINCOLN, AS EXECUTORS OF AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF ESTHER D. LINCOLN, DECEASED, *Appellants*, v. THE TROPICAL BUILDING AND INVESTMENT COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, GEORGE W. ALLEN AS RECEIVER OF SAID CORPORATION, RICHARD PEACON, WALTER ADAMS, J. S. BRADY, WILLIAM N. KNOWLES, E. L. RUSSELL, WILLARD ROBERTS, JOSEPH FELTON, LORENA L. TORRES AND A. AURELIO TORRES, HER HUSBAND, AND WILLIAM N. KEMP, *Appellees*.

Opinion Filed March 22, 1920.

1. An order directing releases of lands to be made from a mortgage not within the provisions of the agreements, as to such releases will be reversed.

2. Items of traveling expenses for complainant's witness and attorney that are not contemplated by the covenant in the mortgage "to pay all costs, charges and expenses in collecting" a mortgage debt, are properly excluded in the accounting.

An Appeal from the Circuit Court for Monroe County, H. Pierre Branning, Judge.

Order reversed.

*G. Bowne Patterson, C. M. Cooper, Chas. P. & J. J. G. Cooper,* for appellants;

*W. H. Malone,* for appellees.

WHITFIELD, J.—By leave of court appellants on September 2nd, 1916, filed a bill in the Circuit Court for Monroe County to enforce a mortgage lien for $30,000.00 on described property given to the testator of appellants, in which mortgage the Tropical Building and Investment Company, a corporation, the mortgagor covenanted to pay "the said principal sum of money and interest as mentioned in "the following note:

$30,000.00.          Key West, Florida, July 1st, 1906.

"Five years after date the Tropical Building and Investment Company promises to pay to Esther D. Lincoln or order, the sum of Thirty Thousand Doollars with interest at the rate of six (6) per cent. per annum. Value received. Interest to be paid quarterly, on the first day of October, A. D. 1905, and on the first day of January, April, July and October of each year thereafter, until this note is paid. The said Tropical Building and Investment Company having the option of paying this note or any part of the principal thereof, at any time within the said five (5) years, with interest to the date of payment.

"The Tropical Building and Investment
Company, By its President, George S.
Waite, E. M. Martin, Secretary."

The mortgagor also covenanted "to pay all costs, charges and expenses in collecting any money hereby secured, including reasonable attorney's fees and commissions, whether collected by foreclosure or otherwise."

On July 6, 1905, the parties to the mortgage entered into a contract for releasing stated portions of the mortgaged property at named valuations, wherein the mortgagee "agrees hereby with the said party of the second

part, that upon the payment to her, her executors, administrators or assigns, by the said party of the second part, or its successors, during the said period of five (5) years, as provided in the mortgage before mentioned the sum or sums of money equal to the value of the several parcels of lands hereinafter mentioned, she will sign and execute a release of the same from said mortgage."

On February 10, 1911, after the mortgage note had matured the parties made an agreement in which the mortgagee "extends the time for the payment of the balance of the principal due on said note and mortgage, to-wit, the sum of Seventeen Thousand Two Hundred and Fifty ($17,250.00) Dollars, for a period of two years from December 1st, 1910, at the rate of interest of eight per cent. per annum, interest payable quarterly. The said balance of principal of Seventeen Thousand Two Hundred and Fifty ($17,250.00) Dollars to be paid as follows: Eight Thousand Six Hundred and Twenty-five ($8,625.00) Dollars on December 1st, 1911, and Eight Thousand Six Hundred and Twenty-five ($8,625.00) Dollars on the 1st day of December, 1912, and further that upon the payment to her, or her executors, administrators or assigns by the said The Tropical Building and Investment Company, or its successors, during the said period of two years, or any part of the balance of the principal of Seventeen Thousand Two Hundred and Fifty ($17,-250.00) now due as aforesaid, she will execute a release from the aforesaid mortgage of such pieces or parcels of land equal in value to the sums so paid as set forth in schedule in the hereinbefore mentioned agreement. dated July 6th, 1905."

Answers were filed and other proceedings were had.

In an interlocutory order the chancellor held that the mortgagor is entitled to releases of portions of the property from the mortgage for payments made after the note matured and before December 1, 1910, the beginning of the two years covered by the agreement of February 10, 1911, and directed the master to ascertain and report the lands that should be released under this holding.

The decree covered other matters not material at this point.

The main question to be determined is the effect of the agreements of the parties as to the releases that were to be made. The agreements control.

In the note made payable "five years after date," it is expressly provided that "the said The Tropical Building and Investment Company, having the option of paying this note or any part of the principal thereof, at any time within the said five (5) years, with interest to the date of payment." In the mortgage the mortgagor covenants to pay "the said principal sum of money and interest as mentioned in said promissory note." In the agreement of July 6, 1905, the mortgagee covenants that upon the payment to her * * * during the said period of five (5) years, as provided in the mortgage * * * the sum or sums of money equal to the value of the several parcels of land * * * she will sign and execute a release of the same from the mortgage." In the agreement of February 11, 1910, the mortgagee referring to a period of two years from December 1, 1910, covenanted "that upon the payment to her * * * during the said period of two years" of amounts due on the mortgage

"she will execute a release   *   * , *   of such pieces or parcels of land equal in value to the sums so paid," etc.

Thus it appears that by the express terms of the agreements, the releases were to be executed for payments made "during the said period of five (5) years, as provided in the mortgage," which period ended July 1, 1910, and for payments made "during the said period of two years" which period was "two years from December 1, 1910." Payments made during other periods do not under the agreements entitle the mortgagor to releases.

As the releases referred to in the order are for payments that were not made within and during the two periods expressly stated in the agreements, the order is erroneous in that particular.

The items excluded on exceptions to the master's report covering expenditures for traveling expenses of complainant's witness and attorney are apparently not such as were contemplated by the covenant in the mortgage "to pay all costs, charges and expenses in collecting any money hereby secured," and there was no error in their exclusion.

Order reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.